UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

Kenneth J. Kumiega,

                Plaintiff,

                                                            **Hon. Hugh B. Scott**

                v.                                               04CV1011S

                                                               **Decision**
                                                                  **&**
Par Industries, Inc. et al.,                                   **Order**

                Defendants.
_____


      Before the Court is the plaintiff's motion to remand this case back to the state court. (Docket No. 11).

      Plaintiff, Kenneth J. Kumiega ("Kumiega") initiated this action in New York State Supreme Court alleging state law claims of breach of contract and tortious interference with a contract. Named as defendants in the complaint are: PAR Industries, LLC (listed as an Ohio corporation with an Amherst, N.Y. address)["PAR"]; Viking Industries, LLC (an Ohio corporation)["Viking"]; PAR/Viking -1106, LLC (an Ohio corporation)["P/V"]; Delphi Automotive Systems, LLC (a Delaware corporation listed with a Michigan address)["Delphi"]; as well as three individuals all of whom are Ohio residents. (Docket No. 1, Exhibit A, State Court Complaint). Kumiega alleges that in November of 2003, he entered into an employment contract with PAR to serve as PAR's President. (Docket No. 1, Exhibit A to State Court Complaint). In his first cause of action, the plaintiff asserts that PAR wrongfully terminated his

employment on October 29, 2004. Kumiega further asserts that Viking, P/V and the individual defendants are liable as assignees or successors in interest of PAR "as a result of their merger or consolidation with PAR or the transfer of all or substantially all of PAR's assets to Delphi.  The second cause of action asserts that Delphi induced PAR, Viking, P/V and the individual defendants to breach the contract.

Delphi removed the action to federal court alleging complete diversity. (Docket No. 1 at ¶ 7).  Kumiega now moves to remand the action back to the state court claiming that PAR should be deemed a citizen of New York, thus, destroying complete diversity. (Docket No. 10 at page 6).

A state court action may not be removed to federal court based upon diversity jurisdiction unless complete diversity exists between the plaintiff and defendants.  28 U.S.C. §1322; Advani Enters., Inc. v. Underwriters at Lloyds, 140 F.3d 157, 160 (2d Cir.1998); Lehman v. Discovery Communications, Inc., 217 F.Supp.2d 342, 347 (E.D.N.Y.,2002).  It is well-settled that the party asserting jurisdiction bears the burden of proving that the case is properly in federal court and that party may not "be relieved of [its] burden by any formal procedure." McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); see also In re Joint E. & S. Dist. Asbestos Litig., 14 F.3d 726, 730 (2d Cir.1993). Thus, "[i]f [the averring party's] allegations of jurisdictional facts are challenged by [its] adversary in *any appropriate* manner, [the averring party] must support them by competent proof." McNutt, 298 U.S. at 189 (emphasis added). Where, as here, jurisdiction is asserted by a defendant in a removal petition, it follows that the defendant has the burden of establishing that removal is proper. R.G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651, 655 (2d Cir.1979); see also 14A Wright & Miller § 3721, at 209-10 ("[d]efendant always has the burden of establishing that removal is proper").  The Court also has

an independent duty to examine its jurisdiction, (FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990)) thus, the Court need not accept a concession of jurisdiction. United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 301 (2d. Cir. 1994).

The Second Circuit recognizes two different tests for determining the location of a corporation's principal place of business: (1) the "nerve center" test; and (2) the "public impact" or "place of operations" test. R.G. Barry Corp., 612 F.2d at 655.  Which test should be applied in a particular case depends upon the structure and nature of the corporation. Frisone v. Pepsico, Inc., 369 F.Supp.2d 464, 470 -471 (S.D.N.Y.,2005). Where a corporation's activities are decentralized and spread across many different states, courts apply the "nerve center" test to determine a corporation's principal place of business. Under the "nerve center" test, "courts focus on those factors that identify the place where the corporation's overall policy originates." Augienello v. Fed. Deposit Ins. Corp., 310 F.Supp.2d 582, 587 (S.D.N.Y.2004) citing R.G. Barry Corp., 612 F.2d at 655; Scot Typewriter Co. v. Underwood Corp., 170 F.Supp. 862, 865 (S.D.N.Y.1959) (noting that when a corporation is involved in "far-flung ... activities ... carried out in different states, its principal place of business is the nerve center from which it radiates out to its constituent parts and from which its officers direct, control and coordinate all activities ..., in the furtherance of the corporate objective.")) (citations omitted). "In other words, the 'nerve center' test places the principal place of business at the location of a company's headquarters." Peters v. Timespan Comm., Inc., 1999 WL 135231, at *6 (S.D.N.Y. 1999) citing Compucon Distrib. of New England, Inc. v. Cooper, 685 F.Supp. 424, 425 (S.D.N.Y.1988)).   On the other hand, where a corporation is more centralized, courts apply the "place of operations" or "public

impact" test to determine the corporation's principal place of business. Augienello, 310 F.Supp.2d at 591. Under this test, a corporation's principal place of business is located in the state with which the corporation has its most extensive contacts, or its greatest impact on the general public. R.G. Barry Corp., 612 F.2d at 655.

In the instant motion, Kumiega asserts that PAR should be considered a citizen of New York based upon the public impact test.  (Docket No. 10 at page 6).  In support of this contention, the plaintiff asserts that PAR is the sales, manufacturing and marketing headquarters for an Ohio-based firm. Although PAR's board of directors are located in Ohio, Kumiega asserts, daily policy decisions and determinations are made from PAR's Amherst location.  The plaintiff also cites to the fact that roughly 85% of Par's sales originate in New York and all of PAR's employees live and work in New York.  Kumiega alleges that PAR's books and records are located in New York and that its financial statements are prepared in New York. (Docket No. 10 at pages 6-7).

Faced with such a challenge to Delphi's assertion of complete diversity, it was incumbent upon Delphi to establish that actual diversity existed under §1322.  Instead of providing facts and analysis demonstrating that PAR should be considered an Ohio corporation for purposes of diversity jurisdiction, Delphi articulates three arguments: (1) that the plaintiff is estopped from arguing that PAR's principal place of business is New York because some of the averments in his complaint allege that PAR's assets were transferred to Delphi (Docket No. 22 at page 4); (2) that plaintiff does not really intend to pursue a claim against PAR and thus, PAR was fraudulently joined (Docket No. 22 at 6); and (3) that if the Court were to determine that Delphi had not met its burden, the Court should hold a hearing to ask Kumiega which of the factual

statements he has asserted about PAR are true. (Docket No. 22 at 8).  As noted in the United Foods and FW/PBS, the focus on remand issues is whether the federal court actually has jurisdiction in accordance with the requirements of the statute.  Delphi, as the removing party, has the burden to establish that federal jurisdiction based upon complete diversity actually exists in this case.  Delphi's arguments to the effect that Kumiega was taking a position inconsistent with some of the allegations in the complaint do not assist the Court in the determination as to whether complete diversity exists in this case. Similarly, the assertion that PAR was fraudulently joined is devoid of merit.  The Court notes that the contract which serves as the foundation of the plaintiff's underlying claims in this case was between Kumiega and PAR.  None of the other defendants in this case appear to be parties to that contract.  Finally, Delphi's suggestion that the Court hold a hearing to question Kumiega is particularly specious.  Such an argument demonstrates that Delphi lacks an understanding of its burden as the removing party in this case.

    Based on the above, the motion to remand is granted.

    So Ordered.

                                                               s/Hon. Hugh B. Scott
                                               United States Magistrate Judge

Buffalo, New York
September 29, 2005